UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        Case No. 2:96-cr-76-FTM-29DNF

GARY LAMAR GASKINS
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion Under Title 18 U.S.C. §§ 3582(c)(2), 3553(a), 1-7 Factors, 3661, and U.S.S.G. Amendment Sections 1B1.11(a), 1B1.10(c), U.S.S.G. Amendment 706 & 709 (Doc. #956), filed on March 10, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels, and in light of Amendment 709, which made changes concerning a defendant's criminal history. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, and Amendment 709 has not been made retroactive, the motion will be denied.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that

> has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

**II.**

Defendant is not eligible for a sentence reduction under Amendment 706 for two reasons. First, defendant's sentence was imposed under the career offender provision, and therefore his sentence would not be changed by the application of Amendment 706. Second, defendant has completed that sentence, and is currently imprisoned on a violation of his supervised release. The supervised release guideline range was not changed by Amendment 706.

At defendant's original sentencing, the Court determined that defendant's Base Offense Level was 38 and his Total Offense Level was 33; because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 37 and his Enhanced Offense Level was 33. Defendant's Criminal History Category was VI, and the resulting Sentencing Guidelines range was 262 to 327 months imprisonment. Based upon the government's motion for a reduction because of substantial assistance, Defendant was sentenced to 160 months imprisonment. The Court subsequently reduced defendant's sentence to 120 months imprisonment based on the government's Rule 35 motion.

The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was

sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The application of Amendment 706 initially results in a Base Offense Level of 36, but because defendant is a career offender his Total Offense Level remains at 37, and his Enhanced Offense Level remains 34 after the adjustment for acceptance of responsibility. With a Criminal History Category of VI, defendant's Sentencing Guidelines range remains 262 to 327 months imprisonment. Since the Sentencing Guidelines range remains the same and is not lowered, defendant is not eligible for a reduction in his term of imprisonment pursuant Amendment 706.

The second reason defendant is not eligible for a sentence reduction under Amendment 706 is that defendant is not currently serving a sentence which was imposed pursuant to a Sentencing Guidelines range that has been lowered by the amendment. Amendment 706 lowered the ranges for sentences imposed under U.S.S.G. § 2D1.1. Defendant is currently serving a sentence for violation of supervised release, and that sentence was imposed pursuant to U.S.S.G. § 7B1.4 and 18 U.S.C. § 3583. Amendment 706 did not affect either U.S.S.G. § 7B1.4 and 18 U.S.C. § 3583, and therefore provides no basis for a reduction of the supervised release sentence.

**III.**

As to Amendment 709, only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c). United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and may not be utilized to reduce defendant's sentence. Id.

**IV.**

Other reductions sought by defendant are not within the scope of the § 3582(c)(2) motion. For example, as to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007), the Eleventh Circuit has stated "Booker is inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). The Court does not re-examine the other sentencing determinations made at the original sentencing. United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997); United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000). Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to modify or reduce a sentence, but rather must look

5

to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1315 (11th Cir. 2002), <u>cert. denied</u>, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or reduce defendant's sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Motion Under Title 18 U.S.C. §§§ 3582(c)(2), 3553(a), 1-7 Factors, 3661, and U.S.S.G. Amendment Sections 1B1.11(a), 1B1.10(c), U.S.S.G. Amendment 706 & 709 (Doc. #956), including the request for court appointed counsel, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of March, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy, Casas
Gary L. Gaskins
U.S. Probation
U.S. Marshal